UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                          8:09-cv-228-T-33EAJ

TERRANCE RILEY
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant
Terrance Riley's Motion for New Trial (the "Motion" Doc. #
66), filed on February 16, 2010. The Government filed a
response in opposition to the Motion on March 2, 2010 (Doc. #
69). For the reasons stated below, the Motion is due to be
denied.

## I. Background

The Government's May 12, 2009, indictment charged in
count one that Defendant, a person convicted of a felony,
possessed a firearm in violation of 18 U.S.C. § 922(g)(1) and
924(e)(1). (Doc. # 1). Count two charged that Defendant
possessed cocaine base in violation of 21 U.S.C. § 844(a).

On February 2, 2010, after a two-day trial, the jury
found Defendant guilty as to both counts of the indictment.
(Doc. # 58). Thereafter, on February 16, 2010, Defendant
filed the Motion, which is ripe for the Court's review.

## II. Rule 33 Motion for a New Trial

A new trial pursuant to Fed.R.Crim.P. 33 may be granted

in the interests of justice or on the basis of newly discovered evidence. <u>United States v. Ramos</u>, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the Motion, filed on February 16, 2010, was timely filed within seven days of the jury's verdict.

A new trial may also be granted on the basis of newly discovered evidence. Fed.R.Crim.P. 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result. <u>Ramos</u>, 179 F.3d at 1336 n.1; <u>United States v. Jernigan</u>, 341 F.3d 1273, 1287 (11th Cir. 2003). In this case, the Defendant has not asserted that the discovery of new evidence warrants a new trial.

Since Defendant does not allege any newly discovered

evidence, the Court will analyze the issues under Rules 33(a) and (b)(2). Pursuant to Rules 33(a) and (b)(2), the applicable standard is whether the "interest of justice" mandates a new trial.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court may "weigh the evidence and consider the credibility of witnesses." Id.; accord United States v. Cross, 258 F. App'x 259, 261 (11th Cir. 2007). "If the court concludes that ... the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Martinez, 763 F.2d at 1312 (internal quotation marks omitted); accord Cross, 258 F. App'x at 261. The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Martinez, 763 F.2d at 1312. However, the Eleventh Circuit has stated that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

Where a motion for new trial argues that the court

committed errors during the trial, "the convicted defendant has the burden of showing that (1) some error was in fact committed and (2) that such error was prejudicial to him." United States v. Simms, 508 F. Supp. 1188, 1203 (W.D. La. 1980); accord United States v. DeLaughter, No. 8:07-cr-201, 2007 WL 3034645, at *1 (M.D. Fla. Oct. 16, 2007). Even if the defendant has made such a showing, a new trial is not warranted unless the error affected the defendant's substantial rights. Simms, 508 F. Supp. at 1203; accord DeLaughter, 2007 WL 3034645, at *1; see also Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "An error affects the defendant's substantial rights if it probably had a substantial influence on the jury's verdict." United States v. Rodriquez, 259 F. App'x 270 (11th Cir. 2007) (internal quotation marks omitted) (quoting United States v. Stephens, 365 F.3d 967, 976-77 (11th Cir. 2004)). The court must inquire whether the error "was more likely than not a substantial factor" in the conviction. See Stephens, 365 F.3d at 980 (remanding for new trial after concluding that district court's evidentiary error "was more likely than not a substantial factor in [the defendant's] conviction").

## III. **Analysis**

Defendant asserts that a new trial is warranted because:

4

(1) the Court should not have admitted certain evidence
(particularly, tape-recorded conversations); and (2) "Mr.
Riley was not allowed to develop his defense" (that is, the
Court did not allow defense counsel to take the stand as a
fact witness). (Doc. # 66 at 3). The Court will address each
of these arguments below.

### A.   Admission of Tape Recorded Conversations

The Government introduced jailhouse telephone call tape-
recorded conversations and transcripts thereof (the "Jail
Calls") during trial.  Defendant submits that a new trial is
warranted because the Jail Calls were irrelevant, and thus,
inadmissible.

Defendant also argues that a new trial is warranted
because the Government did not properly identify Defendant's
voice as a speaker in the Jail Calls.  Agent Booth is the
Government witness that identified Defendant's voice on the
Jail Calls, and Defendant argues that "Agent Booth had not had
sufficient time with Defendant to . . . offer an opinion that
the voice on the tape was that of Mr. Riley." (Doc. # 66 at
3).

In addition, Defendant contends that it was a violation
of Rule 403, Fed.R.Evid., to admit the Jail Calls into
evidence because their probative value was substantially
outweighed by the danger of unfair prejudice to the defense.

The Government, on the other hand, submits that the evidence was relevant, highly probative, and properly authenticated. This Court agrees with the Government. The Jail Calls contained Defendant's admissions, pursuant to Rule 801(d)(2)(A), Fed.R.Evid., to the facts giving rise to the indictment. As stated by the Government, "the statements made by the individuals to whom Riley was speaking were not only adopted statements under Fed.R.Evid. 801(d)(2)(B) because Riley affirmed their comments by agreeing to their remarks, but were also necessary to place the defendant's own statements in a proper context for the jury." (Doc. # 69 at 3). During the Jail Calls, among other admissions, Defendant described being stopped by the police and admitted that he had a pill bottle containing crack. Defendant also alluded to the firearm in the vehicle. Thus, the Court determines that the Jail Calls were relevant pursuant to Rule 401, Fed.R.Evid.

Concerning Defendant's Rule 403, Fed.R.Evid., argument, the Court determines that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The Court notes that the Government did not publish the entire Jail Calls to the jury, but, instead, made audio clips of the pertinent parts of the

Jail Calls that were played during the Government's case-in-chief. The Government's transcripts of the Jail Calls were redacted to eliminate unfair prejudice to Defendant.

In addition, on September 30, 2009, the Government sent counsel for Defendant draft transcripts of the Jail Calls and noted in correspondence, "the Government is providing these proposed transcripts to address, pre-trial, potential objections to objectionable material in the jail calls." (Doc. # 69-1). The Government represents to the Court that, "Prior to trial, the Defendant neither made an objection to the content of the calls nor the transcripts the Government intended to introduce into evidence." (Doc. # 69 at 4). The Court is not convinced that admission of the Jail Calls violated Rule 403, Fed.R.Evid.

The Court is also unpersuaded by Defendant's authentication arguments. Rule 901(b)(5), Fed.R.Evid., states that voice identification may be made "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." The court ruled in <u>United States v. Cuesta</u>, 597 F.2d 903, 915 (5th Cir. 1979), "Rule 901(b)(5) merely requires that the witness have some familiarity with the voice which he identifies. Once this minimal showing has been made, the jury determines the weight to accord the identification testimony." (internal citations

omitted).

In this case, Defendant argues that Agent Booth was not sufficiently familiar with Defendant's voice to properly identify Defendant as the speaker in the Jail Calls. However, Agent Booth testified that he spoke with Defendant at least two times. Agent Booth testified that one conversation that he had with Defendant (while Agent Booth was transporting Defendant from Sarasota to Tampa) lasted for over an hour. (Doc. # 62 at 11). Agent Booth also states that he briefly spoke with Defendant during a Court proceeding (Defendant's initial appearance). (Doc. # 62 at 7-8). The Court finds that the hour-long conversation between Defendant and Agent Booth is sufficient to make a proper voice identification for Rule 901, Fed.R.Evid., purposes. Thus, a new trial is not warranted in this case.

## B. Development of Defendant's Defense

Under a separate heading that "Mr. Riley was not allowed to develop his defense" Defendant re-raises concerns about the admission of the Jail Calls in the Motion. (Doc. # 66 at 3). Essentially, Defendant argues that his attorney, Maria Guzman, Esq., should have been permitted to take the stand as a fact witness to challenge Agent Booth's statement that he spoke to Defendant during the aforementioned Court proceeding. The Court has determined that a new trial is not required due to

the admission of the Jail Calls.  This is particularly so because Agent Booth testified that he spoke with Defendant for an hour when Defendant was transported from Sarasota to Tampa, and this testimony was not challenged by Defendant.

The Court considered Attorney Guzman's request to take the stand as a defense witness and determined that such conduct would be inappropriate.  As the ethical rules adopted by the American Bar Association have long recognized, "the roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the case of another, while that of a witness is to sate facts objectively." American Bar Association, Code of Professional Responsibility (1978).

A number of courts have cautioned against allowing defense counsel to also wear the hat of fact witness. See e.g., United States v. Defazio, 899 F.2d 626, 631 (7th Cir. 1990), ("the justice system has an interest in not having a defense attorney be both an advocate and a witness"); United States v. Gouaz, 3-20248-CR, 2003 U.S. Dist. LEXIS 21800 (S.D. Fla. Oct. 9, 2003)("an attorney may not act as both an advocate and a witness in the same proceeding").

Nevertheless, the Court allowed Attorney Guzman to proffer her testimony, outside the presence of the jury, and the Court determined that her testimony was "inconsequential."

(Doc. # 63 at 40).  Thus, this Court stands behind its rulings with respect to the Jail Calls and its refusal to allow Attorney Guzman to take the stand as a defense witness.

In conclusion, the Court determines that the Government satisfied its burden with respect to Defendant, and the jury correctly determined that Defendant was guilty beyond a reasonable doubt.  The evidence does not preponderate against the verdict, such that it would be a miscarriage of justice to let the verdict stand.  The Court has evaluated each error alleged by Defendant and has determined that a new trial is not warranted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Terrance Riley's Motion for New Trial (Doc. # 66) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record